**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10499 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00100-OWW-1 |
| v. | |
| ADAM JOHN SORTINI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

Before: HAWKINS, N.R. SMITH,** and MURGUIA, Circuit Judges.

Appellant Adam Sortini appeals the district court's order granting the

government's 28 U.S.C. § 2044 motion to apply a $38,000 cash bond to Sortini's

restitution obligation and denying his Federal Rule of Criminal Procedure

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* Judge N.R. Smith was drawn to replace Judge B. Fletcher and has
read the briefs, reviewed the record, and listened to a recording of oral arguments.

("FRCP") 46(g) motion to exonerate the bond. Sortini posted the bond to secure

his presence at sentencing and then later assigned it to a third party. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

FRCP 46(g) requires a district court to release bond monies when a bond

condition has been satisfied. Satisfaction of a condition, however, does not

automatically release the monies; the district court must enter an order directing

their release. *See, e.g.*, *United States v. Toro*, 981 F.2d 1045, 1046-47 (9th Cir.

1992) (ordering the exoneration of bonds in response to FRCP 46 motions).

Therefore, as here, absent an order from the district court releasing a bond, the

bond remains available for purposes of section 2044.[1]

Sortini's assignment of the bond had no effect on the bond's availability for

application toward his restitution obligation. First, section 2044 addresses "money

belonging to and deposited by or on behalf of" the defendant. *Id.* It is undisputed

that (1) the monies at issue on appeal were, under California law, community

property that belonged to Sortini, who deposited them or had them deposited on his

---

[1] Sortini filed his FRCP 46(g) motion after the government moved pursuant to section 2044 to apply the bond toward Sortini's restitution obligation. Section 2044, which expressly prohibits the release of bond monies after entry of a plea or guilty verdict and before sentencing "*except* upon a showing that . . . *restitution cannot be imposed* for the offense," 28 U.S.C. § 2044 (2006) (emphasis added), evidences Congress's intent to keep monies belonging to and deposited by or on behalf of a defendant available for application toward any restitution obligation imposed upon the defendant.

behalf; and (2) the third-party assignee did not own any interest in the bond at the time it was deposited. Thus, the district court properly determined that the bond was subject to section 2044. Second, section 2044 contains no exception for bond monies assigned by defendants to third parties after they are deposited with the district court. *Cf. id.* (exempting from the statute funds belonging to third parties at the time of deposit). Such an exception to section 2044 would enable defendants to evade payment of their restitution obligations simply by assigning their bonds, thereby undermining the purpose of the statute as set forth above. Therefore, the bond was subject to section 2044, even in light of Sortini's assignment.

The district court properly determined that the government, not the third-party assignee, had a superior right to the bond monies and did not err by applying Sortini's bond to his restitution obligation.

**AFFIRMED.**